## Hydraulic-Press Brick Company, Appellant, v. Samuel Miller et al., Appellees.

### Gen. No. 20,357.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1914.  Affirmed.  Opinion filed January 26, 1915.

### Statement of the Case.

Bill by Hydraulic-Press Brick Company praying for a mechanic's lien on the premises of Samuel Miller. To reverse a decree dismissing the bill for want of equity, complainant appeals.

It appeared that Miller, the owner of the premises, entered into a contract with one Warshavsky by which the latter agreed to construct and deliver buildings on said premises free and clear of all liens, waiving all right thereto under and by virtue of the Mechanics' Liens Act and that Warshavsky applied to complainant for brick to be used in the building.  Thereupon complainant wrote Miller as follows:

"Dear Sir:

Mr. Louis Warshousky has placed an order with us for: (here follows the amount and price of the brick required)—to be delivered to your property 3742-6 Fullerton Avenue.  We do not know very much about Mr. Warshousky's financial responsibility and do not wish to do him any injustice, but before accepting this order, we wish to inquire whether you will agree to see that our account is paid before final settlement is made with Mr. Warshousky.

Please kindly let us hear from you by return mail, so as not to delay the delivery of the brick.

Very truly yours,
HYDRAULIC-PRESS BRICK COMPANY."

The next day, Miller replied:

"Gentlemen:
Kindly send the bricks for my building at 3740-6 Fullerton Av. as per receipt of your letter of the 9th inst., and oblige,

Yours truly,

SAMUEL MILLER."

BENJAMIN F. J. ODELL, for appellant.

SOBOROFF & NEWMAN, for appellee Samuel Miller; SAMUEL W. NEWMAN, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. MECHANICS' LIENS, § 62*—*when provision of original contract deprives subcontractor of right to lien.* A provision in a building contract between the owner and the general contractor, whereby the latter agrees to deliver the building free of liens and waives all right thereto by virtue of the Mechanic's Lien Law, prevents a subcontractor from asserting a lien.

2. GUARANTY, § 1*—*when contract constitutes.* Where a letter written by the owner to a subcontractor constituted an agreement to see that materials furnished to the general contractor would be paid out of any moneys that might be due to the latter on final settlement, *held* that the undertaking was, at most, that of a guarantor to the extent of moneys that might be so due and not a contract to pay for the materials in any event.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.